```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
COSMOPOLITAN SHIPPING CO., INC.,                            :
                                  Plaintiff,                :
                                                            :    18 Civ. 3167 (LGS)
            -against-                                       :
                                                            :    ORDER
CONTINENTAL INSURANCE COMPANY, et                           :
al.,                                                        :
                                                            :
                                  Defendants.               :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, a hearing is scheduled to commence on April 13, 2020, at 10:00 A.M. and a final pre-hearing conference is scheduled to take place on March 19, 2020, at 11:30 A.M. ECF 151. It is hereby

**ORDERED** that the hearing will last no longer than 5 hours. Each party may make an opening statement that is no longer than 15 minutes, but the parties may agree to a shorter opening statement. The remaining time shall be used for cross examination and redirect examination of the witnesses. The parties shall file their stipulation for the allocation of the remaining time by **March 17, 2020**. It is further

**ORDERED** that the parties shall file a joint letter by **March 17, 2020**, identifying any additional issues that need to be addressed at the pre-hearing conference. If there are no issues, or if they can be addressed on the papers, the conference will be canceled.

If the conference goes forward, it will be <u>telephonic</u>. In case the conference goes forward, the joint letter shall provide the Court with <u>one</u> telephone call-in number for a conference call, and if necessary a passcode. The Court's bench trial procedures are attached to this Order.

Dated: March 12, 2020
       New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

June 28, 2018

BENCH TRIAL PROCEDURES

Lorna G. Schofield
United States District Judge

**Mailing Address:** **United States District Court**
**Southern District of New York**
**500 Pearl Street**
**New York, New York 10007**

**Courtroom:**
**Courtroom 1106**
**40 Centre Street**
**Mr. James Street, Courtroom Deputy**
**(212) 805-4553**

The Court adopts the following trial guidelines to increase efficiency, avoid surprises and advance respect between and among the parties.

I. **EFFICIENCY AND TIME MANAGEMENT**

   A. **Schedule**

      1. <u>Trial dates and times</u>. Unless otherwise decided by the Court, trials will be conducted **Monday through Thursday 9:45 a.m. to 1:00 p.m. and 2:00 p.m. to 5:00 p.m. with short breaks as needed.**

      2. <u>Time keeping</u>. In civil trials, the Court will impose and enforce time limits on the trial to promote attorney efficiency, preserve scarce judicial resources and reduce repetition and redundancy.

         The Court will establish time limits at the final pretrial conference based on input from the parties, the number and complexity of issues, the burden of proof on each party, and the nature of proof to be offered. The parties shall be prepared at the conference to offer a *realistic* estimate of the time required for non-cumulative evidence. The Court will hold the parties to the time limits.

         Time will be kept by the Court and reported on the record at the close of evidence on each trial day. Time will accrue during opening statements and when a party is presenting its case or responding, such as during direct or cross examination. For example, time spent on direct examination of a plaintiff's witness is charged to the plaintiff while cross examination is charged to the defendant.

         The Court will advise the parties at the final pretrial conference whether it will permit summations and / or post-trial submissions.

   B. **Maximizing the Court's Time**

      1. <u>Conferring with opposing party</u>. A party shall first raise any issue with the opposing party before raising the issue with the Court, including anticipated evidentiary and legal issues that require argument.

      2. <u>Witness availability</u>. The parties are expected to present witnesses throughout the entire trial day. Unless good cause is shown, if a party does not have another witness available on a given day, that party will be deemed to have rested. Counsel shall notify the Court and other counsel in writing, at the earliest possible time, of any particular scheduling problems involving witnesses so that other arrangements can be made to fill the trial day.

      3. <u>Exhibits</u>. Court time may not be used for marking exhibits. Exhibits shall be pre-marked, and if possible, pre-admitted in advance of the court session.

At the beginning of each trial day, counsel shall provide three copies of an updated exhibit list to the Court, indicating the exhibit number, a brief description of the exhibit, whether the parties stipulate to the admission of the exhibit and, if not, the basis for the objection, and the date the exhibit was admitted into evidence (with blanks for those not yet admitted and the first day of trial for those as to which the Court has made a preliminary ruling). The Court will then admit into evidence all exhibits as to which there is no objection or as to which it has preliminarily ruled, as well as any exhibit as to which the objection can be addressed.

At the end of each trial day, counsel shall advise the Court and opposing counsel of the exhibits to be presented for admission into evidence the following day. The Court will then admit into evidence any additional exhibits as to which there is no objection, and to the extent possible will rule on the admissibility of any exhibits as to which there is an objection.

4. <u>Trial Notebook</u>. Unless the Court directs otherwise, counsel shall jointly prepare **two numbered notebooks** for the Court's use during the trial, in addition to the original exhibits. The trial notebooks shall contain all exhibits that have been admitted, or that a party will seek to have admitted, as well as an up to date exhibit list. At the end of each trial day, counsel shall update the notebooks to include any additional exhibits.

5. <u>Other</u>. The Court will be open to techniques to enhance the fact finder's comprehension including alternating the sequencing of experts, mini or interim openings and closings, deposition summaries and other aids.

II. **COURTROOM DECORUM**

1. All witnesses shall wear civilian clothes – no uniforms or badges.

2. Counsel and parties are to stand as the Court is opened, recessed and adjourned.

3. Counsel and parties are to be on time for each court session. If counsel have matters in other courtrooms when a trial is scheduled, they shall arrange in advance to have a colleague handle the other appearance.

4. Counsel shall stand at or near the table or lectern when addressing the Court, including when making objections and for opening and closing statements. Counsel unable to stand on account of physical disabilities will be excused from this requirement. Counsel shall not stand when opposing counsel is addressing the Court.

5. Only one attorney for each party shall examine, or cross-examine, each witness. The attorney stating objections, if any, during direct examination, shall be the attorney recognized for cross examination. Unless otherwise

permitted by the Court, only one attorney for each party will be recognized for purposes of any sidebar conferences.

6. In making an objection, counsel shall be brief and direct. (For example, "Objection, hearsay.") Counsel shall not argue the objection unless requested by the Court.

7. Offers of, or requests for, a stipulation shall be made in private and presented to the Court when agreed upon.

8. Counsel shall address all remarks to the Court, not to opposing counsel.

9. Counsel shall refer to all persons, including witnesses, other counsel, and parties by their surnames and not by their first or given names.

10. Counsel shall request permission before approaching the bench or any witness. Any document counsel wishes to have the Court examine shall be handed to the Deputy.

11. Persons at counsel tables shall not make gestures, facial expressions, audible comments or the like as manifestations of approval or disapproval at any time during trial.

12. Counsel intending to question a witness about a group of documents shall have all documents prepared at the beginning of the examination.

13. Non-party fact witnesses shall not be in the courtroom until after they have testified.

14. Counsel shall not confer with testifying witnesses during breaks.