UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                       :
COSMOPOLITAN SHIPPING CO., INC.,        :
                                    Plaintiff,        :
                                                       :                 18 Civ. 3167 (LGS)
              -against-                                :
                                                       :                      ORDER
CONTINENTAL INSURANCE COMPANY,         :
                                    Defendant.  :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

        WHEREAS, Cosmopolitan Shipping Company, Inc., ("Cosmopolitan") seeks to establish

insurance coverage by relying on secondary evidence to show the existence and terms of a

policy, which -- except for three endorsements -- cannot be found.  Under New York law,[1] an

insured may rely on secondary evidence (*i.e.*, evidence other than the policy itself) to prove the

existence and terms of an insurance policy only after the insured demonstrates that it has made a

"diligent but unsuccessful search and inquiry for the missing [policy]."  *Burt Rigid Box, Inc. v.

Travelers Prop. Cas. Corp.*, 302 F.3d 83, 91 (2d Cir. 2002); *accord Danaher Corp. v. Travelers

Indem. Co.*, 414 F.Supp.3d 436, 461 (S.D.N.Y. 2019).  The diligence requirement stems from the

"best evidence" rule codified in Rule 1004 of the Federal Rules of Evidence and is a preliminary

question concerning the admissibility of evidence that is to be determined by the Court.  *Burt

Rigid Box, Inc.*, 302 F.3d at 91-92.

        WHEREAS, to show diligence, Cosmopolitan submitted an affidavit of Granville T.

Conway, son of the former president of Cosmopolitan and a former shareholder and employee of

---

[1] As the parties rely on New York law, the Court applies New York law.  *See Alphonse Hotel
Corp. v. Tran*, 828 F.3d 146, 152 (2d Cir. 2016) ("The parties' briefs assume that New York law
controls, and such implied consent . . . is sufficient to establish choice of law." (internal
quotation marks and citations omitted)).

the company.  The affidavit states that Cosmopolitan "commenced an investigation in 1995 for relevant insurance policies to respond to claims asserted by former seamen" but found none at that time.  Cosmopolitan conducted a second search nearly a decade later and found no relevant insurance policies.  Late, in around 2016, Cosmopolitan directed its counsel to serve subpoenas on insurance companies it believed might have records of lost policies issued to Cosmopolitan, including the Fulton Syndicate, Continental Insurance Company, the American Club, and the Fireman's Fund.  These subpoenas turned up no relevant insurance policy.  Cosmopolitan also searched various archives, presumably for policies issued to Cosmopolitan, again with no success.

WHEREAS, the Continental Insurance Company ("CIC") argues that Cosmopolitan's policy search was insufficiently diligent because Cosmopolitan did not request the four subpoenaed entities to search for policies issued to the UNRRA; Cosmopolitan did not issue subpoenas to possible foreign insurers; and Cosmopolitan's expert did not conduct an independent search for any policy.

WHEREAS, while Continental has shown that it conducted a diligent search for policies issued to Continental, it has not yet shown that it conducted a diligent search for Policy C-4893 issued to UNRRA, apart from the three endorsements before the Court.  While the three endorsements are sufficient to supply many critical terms of the policy, they also omit critical terms, which must be proved, if at all, by secondary evidence.  It is hereby

**ORDERED** that, consistent with the best evidence rule, Continental shall by **January 5, 2021**, file a letter with the Court proposing how it intends to make a showing that it has conducted, or will conduct, a diligent search for the pertinent remainder of Policy C-4893, and

shall state why it should be permitted to do so.  CIC shall file a responsive letter by **January 12, 2021**.

Dated: December 22, 2020
        New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**