```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
COSMOPOLITAN SHIPPING CO., INC.,                             :
                                    Plaintiff,               :
                                                             :   18 Civ. 3167 (LGS)
                  -against-                                  :
                                                             :   ORDER
CONTINENTAL INSURANCE COMPANY, et                            :
al.,                                                         :
                                    Defendants.              X
-------------------------------------------------------------
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on February 3, 2021, Plaintiff filed a Motion for Reargument and Reconsideration and accompanying Memorandum of Law, under Federal Rule of Civil Procedure 59(e) and Local Rule 6.3, seeking reconsideration of this Court's Findings of Fact and Conclusions of Law issued on January 22, 2021 (the "FFCL"), after the Court conducted an evidentiary hearing on August 25 and September 2, 2020.  The FFCL concluded that Plaintiff had not established, even by a preponderance of the evidence, the terms of a lost insurance policy that would provide it coverage for various underlying asbestos claims.  *See Cosmopolitan Shipping Co., Inc. v. Cont'l Ins. Co.*, 18 Civ. 3167, 2021 WL 229661 (S.D.N.Y. Jan. 22, 2021).

WHEREAS, "[a] motion for reconsideration should be granted only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)) (internal quotation marks omitted).  A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."

*Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), as amended (July 13, 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)) (internal quotation marks omitted). The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Id.* (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)) (internal quotation marks omitted);

WHEREAS, "[i]t is black letter law that a motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court[.]" *Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Las Vegas Prof'l Football Ltd. P'ship*, 409 F. App'x 401, 403 (2d Cir. 2010) (summary order) (citing *Davidson v. Scully*, 172 F.Supp.2d 458, 461 (S.D.N.Y. 2001)); *see also Tonga Partners*, L.P., 684 F.3d at 52.

WHEREAS, Plaintiff submits that the Court overlooked the following facts in its FFCL: (1) the bareboat charters Plaintiff maintained with the United Nations Relief and Rehabilitation Administration (the "UNRRA") were standard form charters, promulgated by the War Shipping Administration and Maritime Commission, that would have maintained standard form protection and indemnity ("P&I") terms and limits; (2) the WARTIMEPANDI policies issued by Defendant Continental Insurance Company ("CIC") and its affiliated entities ran concurrently with the UNRRA program and Policy No. C-4893 ("Policy C-4893"), the CIC policy that Plaintiff argues affords it coverage for the underlying asbestos claims, had the same terms as standard form terms already in effect within the WARTIMEPANDI policies; and (3) Policy C-4893 was a standard form open cover protection and indemnity policy. The Court admitted into evidence all exhibits requested by Plaintiff and considered these exhibits along with the parties' pre-hearing submissions, the transcript of the hearing, the credibility of the witnesses and the post-hearing

2

submissions.  The Court already considered Plaintiff's argument that Policy C-4893 was a form policy or contained the same terms as the sample WARTIMEPANDI policy provided by Plaintiff; however, the Court concluded that Policy C-4893 was not a standard WARTIMEPANDI policy and that the evidence suggested that Policy C-4893, issued by CIC to the UNRRA, did not default to boilerplate language.  *See Cosmopolitan Shipping Co.*, 2021 WL 229661 at *10.

Plaintiff cites *American-Foreign Steamship Corp. v. United States*, 291 F.2d 598 (2d Cir. 1961) for the proposition that the United States Government "had a virtual monopoly on the ownership of all floating vessels" and for other context about shipping during the 1940s.  The factual findings and legal conclusions in *American-Foreign Steamship Corp.* are not applicable to this case and are not an intervening change of controlling law.

Plaintiff discusses a policy articulated by the Ship Sales Act of 1946 that encouraged the retirement of the U.S. Government from shipping operations after World War II and refers to the *United States Navy Department Appropriations Bill, 1947*.  These facts are not in evidence and were not put forth by Plaintiff during the hearing or in its hearing submissions.

Plaintiff points to a spreadsheet it provided in a post-hearing submission that it argues shows uniformity and consistency of terms and limits from three sample insurance policies comprising a commercial policy CIC issued, a WARTIMEPANDI policy, and a Standard Form SP-23 P&I Policy.  These policies were expressly considered by the Court, and the Court did not find that they showed sufficiently consistent terms to establish the terms of Policy C-4893.  *See Cosmopolitan Shipping Co.*, 2021 WL 229661 at *10.

WHEREAS Plaintiff does not identify any change of controlling law, any new evidence, the need to correct a clear error, or prevent injustice; it is hereby

ORDERED that Plaintiff's Motion for Reargument and Reconsideration is DENIED.

The Clerk of Court is respectfully directed to close the open motion at Dkt. 214.

Dated: February 17, 2021
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**