UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
COSMOPOLITAN SHIPPING CO., INC.,                :
                                  Plaintiff,  :
                                                :     18 Civ. 3167 (LGS)
                -against-                       :
                                                :     OPINION & ORDER
MARSH USA, INC.,                                          :
                                 Defendant.  :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

       Plaintiff Cosmopolitan Shipping Company, Inc. brought this action against Continental Insurance Company ("CIC") and Marsh USA, Inc. ("Marsh") seeking insurance coverage from CIC in connection with certain seamen's asbestos claims, and seeking damages from Marsh for allegedly negligent advice Marsh gave in connection with that coverage.[1] After a bench trial between Plaintiff and CIC solely on the issue of coverage, Plaintiff's claims against CIC were dismissed. The Court found that, although CIC Policy C-4893 covered certain of the claims at issue, Plaintiff could not recover on the policy because Plaintiff could not prove the material terms of the policy, which had been issued in 1947 and subsequently lost. *See Cosmopolitan Shipping Co., Inc. v. Continental Ins. Co.*, No. 18 Civ. 3167, 2021 WL 229661 (S.D.N.Y. Jan. 22, 2021) ("FFCL").

       Marsh now moves for summary judgment. The motion is granted principally because Plaintiff's claims against Marsh are time barred.

---

[1] The Third Amended Complaint, which is the operative complaint, includes a breach of contract claim against Marsh. Plaintiff abandoned that claim after the bench trial and seeks damages from Marsh based solely on a claim of negligence.

I. **BACKGROUND**

The summary below is based on Marsh's Rule 56.1 statement and Cosmopolitan's Response and are undisputed.

CIC Policy C-4893 covered the period May 1946 to August 1947.  Marsh did not place the policy.  Plaintiff retained Marsh as an insurance broker from 1953 to 1985.

In the summer of 1995, Stanley Schiff, a claims advocate in the New York City office of Marsh's Marine Division, had a single phone conversation with Granville Conway, Plaintiff's owner, concerning possible insurance coverage for the asbestos claims described in the FFCL.  At the time, Plaintiff was not a client of Marsh and had not been for ten years.  Schiff left Conway a voice message with his recommendations.  In February 1997, Schiff sent an email ("February Email") to colleagues at Marsh and an outside asbestos coverage lawyer summarizing his 1995 call and voicemail.  Schiff mailed a copy of the February Email to Conway in March 1997.  Schiff never heard from Conway again.

The February Email is captioned "Cosmopolitan Shipping – Asbestos Coverage."  It states that Schiff "had previously researched this issue for Mr. Conway back in the summer of 1995.  I had one conversation with him and provided him with a voice message with my recommendations."  The email describes insurance provided by the U.S. government during World War II, which was taken over by Fulton P&I after the war and for which the earliest records are from 1954.  The February Email states, "Rather than rely on Fulton P&I, for which no coverage can be established two possibilities were discussed . . . ."  The first was for Plaintiff to "attempt to tender the defense to the U.S. Government, since they appear to be the princip[al]."  The second was for Plaintiff to assert that suits are time barred following Plaintiff's anticipated dissolution.  The email concludes, "Please let me know how you wish me to proceed.

Perhaps the above could be forwarded to Mr. Conway and he can advise of any subsequent developments since 1995."

More than twenty years later, in June 2018, Plaintiff filed the Second Amended Complaint, which added Marsh to this action as a defendant. Plaintiff subsequently filed the Third Amended Complaint which is the operative Complaint and alleges inter alia that Marsh provided erroneous advice to Plaintiff in 1995. The theory of Plaintiff's claim of negligence now appears to be that Marsh "erroneously compelled [Plaintiff] to cease all efforts to locate responsive protection and indemnity ("P&I") policies, including CIC's P&I Policy No. C-4893."

## II.  STANDARD

On a motion for summary judgment, the Court is "required to view the evidence in the light most favorable to the party opposing summary judgment . . . ." *Hayes v. Dahlke*, 976 F.3d 259, 267 (2d Cir. 2020). Summary judgment is appropriate where the record establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 113 (2d Cir. 2017) (quoting *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 248 (1986)). When the movant properly supports its motion with evidentiary materials, the opposing party must establish a genuine issue of fact by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). "[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Fed. Trade Comm'n v. Moses*, 913 F.3d 297, 305 (2d Cir. 2019) (internal quotations omitted). "Only admissible evidence need be considered by the trial court in ruling on a motion for summary judgment . . . ." *In re 650 Fifth Porter Ave. and Related Props.*, 830

F.3d 66, 76 n.3 (2d Cir. 2016) (citing *Porter v. Quarantillo*, 722 F.3d 94, 97 (2d Cir. 2013) (internal quotation marks omitted)).

### III.   DISCUSSION

Defendant's motion for summary judgment is granted.  The parties dispute whether New York or New Jersey law applies to Plaintiff's claims.  However, the Court need not decide which law applies because Plaintiff's negligence claim is time barred whether considered under New York or New Jersey law.[2]

Under New York law, negligence actions against insurance brokers are governed by a three-year limitations period pursuant to CPLR § 214(4).  *Chase Sci. Rsch., Inc. v. NIVA Grp., Inc.*, 749 N.E.2d 161, 167 (N.Y. 2001); *Dimitri Enters., Inc. v. NIF Servs. of N.J., Inc.*, 500 F. Supp. 3d 251, 253 n.3 (S.D.N.Y. 2020).  The claim must be brought within three years of accrual.  *Chase Sci. Rsch., Inc.,* 749 N.E.2d at 167.  A claim in tort accrues when "an injury occurs."  *B.F. v. Reprod. Med. Assocs. of N.Y., LLP*, 92 N.E.3d 766, 770 (N.Y. 2017).  Under New York law, Plaintiff's negligence claim against Marsh accrued in 1995 when Schiff orally gave the allegedly erroneous advice to Conway.  Plaintiff's claim is time-barred under New York law, a conclusion that Plaintiff does not dispute.

Under New Jersey law, a professional negligence claim has a six-year statute of limitations.  N.J. Stat. Ann. § 2A:14-1.  The "discovery rule" may be applied to a professional negligence claim to determine when the six-year period begins.  *See Darlington Heritage Props.,*

---

[2] Summary judgment is granted to Marsh on the additional grounds that no reasonable jury could find that Defendant had a *duty* to Plaintiff, or that breach of any such duty *caused* Plaintiff's injury, applying either New York or New Jersey law.  This holding is substantially for the reasons stated in Marsh's Memorandum of Law and Reply Memorandum of Law in support of this motion.  They are not discussed in this opinion because of the strength of the primary holding that the claim is barred by the statute of limitations.

4

*LLC v. Certain Underwriters at Lloyd's London*, No. A-1372-19, 2021 WL 852100, at *3 (N.J. Super. Ct. App. Div. Mar. 8, 2021) (limiting application of discovery rule to tort-based actions and affirming dismissal of contract claim against insurer as time barred); *Kimmerling v. Astoria Bank*, No. A-4724-17T4, 2019 WL 4440210, at *2 (N.J. Super. Ct. App. Div. Sept. 17, 2019) (affirming trial court's determination not to apply the discovery rule where the plaintiff reasonably should have discovered the defendant's error in preparing loan documents when the plaintiff signed them).  For statutes of limitations that commence when the cause of action accrues, "accrual occurs when a plaintiff knows or, through the exercise of reasonable diligence, should know of the basis for a cause of action against an identifiable defendant." *The Palisades At Fort Lee Condo. Ass'n, Inc. v. 100 Old Palisade, LLC*, 169 A.3d 473, 485 (N.J. 2017); *accord Ben Elazar v. Macrietta Cleaners, Inc.*, 165 A.3d 758, 764 (N.J. 2017).[3]  "In determining whether the discovery rule applies, a court applies an objective standard: 'whether plaintiff "knew or should have known" of sufficient facts to start the statute of limitations running.'" *Lott v. Borough of Roselle*, No. A-1123-19T4, 2020 WL 7688039, at *7 (N.J. Super. Ct. App. Div. Dec. 28, 2020) (quoting *Ben Elazar*, 165 A.3d at 764).

The determination of whether the rule applies is for the judge and not the jury.  *Lopez v. Swyer*, 300 A.2d 563, 567 (N.J. 1973).  "The court may consider documentary evidence, deposition transcripts, and, in its discretion, take testimony." *Palisades*, 169 A.3d at 454.  The

---

[3] The *Palisades* discussion of *Caravaggio v. D'Agostini*, 765 A.2d 182 (N.J. 2001) seems to suggest abandonment of the *Lopez* balancing test that also considered prejudice to a defendant as part of the discovery rule analysis.  *See Palisades*, 169 A.3d at 483.  To the extent this balancing is still relevant, the balancing factors weigh heavily in favor of not forcing Marsh to defend a lawsuit "long after the alleged injury has occurred, when memories have faded, witnesses have died and evidence has been lost." *Lopez*, 300 A.2d at 567.

plaintiff has the burden of showing when he first knew or should have known of his cause of action. *Id.*; *Brecke v. Hoffman-La Roche Inc.*, No. A-1359-14T4, 2018 WL 619729, at *4 (N.J. Super. Ct. App. Div. Jan. 30, 2018). The Court must state its reasons for its findings of facts. *Palisades*, 169 A.3d at 454.

The claim against Marsh is untimely. It was first asserted in 2018. To show that the claim is timely under the six-year New Jersey statute of limitations, Plaintiff must show that, in the exercise of ordinary diligence, it did not and could not have discovered its claim against Marsh until at least 2012 or later. Plaintiff has not sustained its burden. Plaintiff received the allegedly erroneous and negligent advice in 1995. Plaintiff did not follow up to confirm the advice until twenty-one years later in 2016, when it learned the advice was erroneous. Plaintiff has not shown that an inquiry delayed until 2012 or 2016 was "ordinary diligence."

Specifically, Plaintiff asserts that the Marsh advice "erroneously directs [Plaintiff] to the Fulton Syndicate as the source of coverage instead of Continental." It is undisputed that Marsh first provided the advice to Plaintiff in 1995 telephonically, then summarized it in writing and sent it to Plaintiff in 1997. Plaintiff argues that it "did not learn of Marsh's negligence until [Plaintiff] wrote to the Fulton Syndicate and was advised that the information . . . was factually incorrect." It is undisputed that Plaintiff did not seek to confirm this advice until 2016. The written response from the Fulton Syndicate to Plaintiff states that Plaintiff did not write to confirm that the Fulton Syndicate provided P&I insurance coverage to Plaintiff for certain vessels for 1944 to 1948 until 2016. The Fulton Syndicate replied that it had no evidence of having done so. Plaintiff provides no reason or evidence why it waited until 2016 nor why that delay was consistent with "ordinary diligence."

Based on these facts, it is difficult to say precisely when Plaintiff's claim against Marsh accrued -- perhaps in 1995 when Plaintiff received the advice, or in 1997 when Plaintiff again received the advice, or some few years later in 1980 or 1982 given whatever difficulties or circumstances Plaintiff might have encountered.  However, it is not difficult to conclude that the claim accrued years before 2012 when Plaintiff reasonably should have made inquiry of the Fulton Syndicate, particularly since Marsh had identified the syndicate as the most likely source of insurance coverage in 1995 and again in 1997.  A hearing on when the claim accrued is unnecessary as none of the critical facts are in dispute.

## IV.  CONCLUSION

For the reasons stated above, the Defendant's motion for summary judgment is granted.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 228 and to close the case.

SO ORDERED.

Dated: July 27, 2021
New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**